**NEW & USED AUTO SALES, Inc., et al. v. DEWEY.**
**No. A–9557.**

District Court E Alaska. Third Division. Anchorage.
May 26, 1954.

Stanley J. McCutcheon, Anchorage, for plaintiff.

J. Gerald Williams, Atty. Gen., Territory of Alaska, for defendant.

McCARREY, District Judge.

This is an action in the nature of mandamus for an order directing defendant Tax Commissioner to issue a Certificate of Title and Registration for a 1954 Nash automobile which plaintiff, New and Used Auto Sales, Inc., alleges that it owns and has contracted to sell to plaintiff DeFoore.

The evidence revealed that plaintiff DeFoore took possession of the automobile in question at Detroit on an order signed by the C. B. Ballard and Sons, Inc., an automobile dealer in Seattle, and that it is presently being driven by said plaintiff in the States on dealer's plates. The car admittedly has never been within the Territory of Alaska, and because of this, DeFoore's right to a Certificate of Title and Registration must be based upon the italicized portion of Section 5 of Chapter 124, S.L.A. 1951, as amended by Section 2, Chapter 73, S.L.A. 1953, which provides:

"No vehicle subject to registration under this act, except foreign vehicles provided for in Section 3(3), shall be registered by the department unless the applicant for such registration at the same time makes application for and obtains an official certificate of title of such vehicle, or shall present satisfactory evidence that such certificate of title has been previously issued to such applicant. The department shall not accept the application for the original registration or certificate of title of any vehicle in this Territory, unless the ve-

hicle at the time of the application is within the Territory, except that the department *may accept an application for registration and certificate of title hereunder of a new vehicle which is not within the Territory when the application is accompanied by an affidavit by both the dealer and purchaser, giving the name and address of each, a description of the vehicle, and a statement of the weight thereof with reference to any vehicle subject to fees based upon the weight and a further statement that the vehicle is purchased for use in this Territory.* With the exception of foreign vehicles provided for in Section 3(3) it shall be unlawful for any person to drive or move, or for an owner knowingly to permit to be driven or moved, upon any highway in the Territory any vehicle of the type required to be registered hereunder for which a certificate of title has not been issued."

The use of the word "dealer" in the above-quoted statute necessitates a reference to Section 1(3) of Chapter 124, S.L.A. 1951, as amended by Section 1 of Chapter 59, S.L.A. 1953, which provides:

" 'Dealer' shall be taken to mean and include every person engaged in the business of buying, selling, or exchanging vehicles of a type required to be registered hereunder, who has an established place of business and who is duly licensed under the provisions of the Alaska Business License Act, Ch. 43, S.L.A., 1949, for such purpose in this Territory."

Plaintiff contends that it is entitled to an order directing the Tax Commissioner to issue the Registration and Certificate of Title because, in the transaction through which DeFoore purchased the car, New and Used Auto Sales, Inc., was the dealer; that, as such, it falls within the statutory definition of dealer; that the car is "new" within the meaning of the statute; and that, because the foregoing are

true, defendant has no discretionary right to refuse the granting of the license.

Defendant, on the other hand, asserts that the Tax Commissioner could not issue the Certificate and Registration for the reason that the plaintiff failed to comply with the Motor Vehicle Act. It asserts that, in the transaction through which DeFoore purchased the car, the Seattle company was the dealer, and that, even if it was not—if the Court should regard New and Used Auto Sales, Inc., as the dealer in this fact situation—the car was not "new" within the meaning of the statute. The first point, then, to be considered, is whether New and Used Auto Sales, Inc., or C. B. Ballard and Son, Inc., was the dealer in this fact situation.

Plaintiff argues that the evidence shows that New and Used Auto Sales, Inc., purchased the Nash from the Seattle dealer and then contracted to resell it to DeFoore. It points particularly to the conditional sales contract for the sale of such auto between New and Used Auto Sales, Inc., as seller, and DeFoore, as purchaser, as evidence of this fact. It is contended that there were two separate sales here, the first between the C. B. Ballard and Son, Inc., and New and Used Auto Sales, Inc., and the second between New and Used Auto Sales, Inc., and DeFoore. In the latter transaction, the argument runs, New and Used Auto Sales, Inc., was the dealer. And, since it was the dealer for the purposes of this transaction, it falls within the definition established by Chapter 59, S.L.A. 1953, above quoted—i. e., having an established place of business and being duly licensed under the provisions of the Alaska Business License Act.

Defendant's view of the transaction is that there was but one sale, and that from the Seattle Company to DeFoore, with New and Used Auto Sales, Inc., acting as, at most, a nominal agent. Defendant, in short, argues that the Seattle company, which cannot qualify as a "dealer" under our act, sold the car to DeFoore. According to defendant,

since this is the case, the car is a "foreign vehicle" (as defined by Section 1(5) of Chapter 124, S.L.A. 1951, as amended by Section 2 of Chapter 59, S.L.A. 1953) and must be licensed as such rather than under the exception provided for new cars sold by Alaskan dealers.

On the basis of the evidence presented, this court is of the opinion that defendant's version of the transaction is more realistic. It was established that New and Used Auto Sales. Inc., never took title to the vehicle in question. The Bill of Sale for the vehicle—plaintiff's own exhibit, which is exhibit No. 7—shows the title ran directly from C. B. Ballard and Sons, Inc., to DeFoore. It is undisputed that the car was delivered to DeFoore in Detroit on the order of C. B. Ballard and Sons, Inc. As for the conditional sales contract between New and Used Auto Sales, Inc., and DeFoore, which is plaintiff's exhibit No. 4, and the evidence upon which plaintiff now strongly relies, this court is inclined to regard it as but a fiction devised so that the Seattle company could accomplish by indirection what it could not accomplish directly—is, to take advantage of the privilege granted under the Motor Vehicle Act to purchasers who buy through Alaskan dealers.

Since under the evidence presented, this court feels that C. B. Ballard and Sons, Inc., was the "dealer" in this transaction, and since that company cannot qualify as a "dealer" under our statute, it is unnecessary to consider any of the other points raised by counsel in this case.

It is hereby ordered that plaintiff's second amended complaint be dismissed with prejudice and that defendant be awarded its costs and a reasonable attorney's fee.